Stephen McArthur (State Bar No. 277712)
stephen@smcarthurlaw.com
Thomas Dietrich (State Bar No. 254282)
tom@smcarthurlaw.com
THE MCARTHUR LAW FIRM, P.C.
8383 Wilshire Blvd., Ste. 800
Beverly Hills, CA 90211
Telephone: (323) 639-4455

*Attorneys for Plaintiff Rotatelab Yazılım ve Bilişim Teknolojileri A.Ş.*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROTATELAB YAZILIM VE BILIŞIM TEKNOLOJILERI A.Ş., Plaintiff, v. SPYKE YAZILIM ANONIM ŞIRKETI, Defendant. | Case No. 3:26-cv-13868 **COMPLAINT FOR COPYRIGHT INFRINGEMENT** **DEMAND FOR JURY TRIAL** |

Plaintiff Rotatelab Yazilim ve Bilişim Teknolojileri A.Ş. ("Rotatelab"), for its Complaint against Spyke Yazılım Anonim Şirketi ("Spyke" or "Defendant") states and alleges as follows:

## Introduction

1. Rotatelab is a developer of creative casual video game apps, including the popular mobile game, "Cube Land Puzzle Game" ("Cube Land" or the "Game").

2. Spyke copied an original combination of elements from the Game into Spyke's game app, titled "Cube Smash" ("Cube Smash" or the "Infringing App"). Elements that Spyke copied include every gameplay and visual element, text and tutorial prompts, and the distinctive look and feel of the Game.

3. Spyke even decided to release a new infringing version of Cube Smash on Google Play several months after receiving an infringement notice from Rotatelab concerning Spyke's infringing version on Apple's App Store (the "App Store").

4. Rotatelab has obtained a U.S. copyright registration covering Cube Land. This registration was issued before Spyke decided to release a new infringing game on Google Play.

5. Spyke has copied creative, expressive content from Cube Land without Rotatelab's permission.

6. Spyke has engaged in this misconduct in violation of U.S. copyright laws, and its actions have substantially harmed Rotatelab.

## Nature of the Action

7. This is an action at law and in equity for copyright infringement under the Copyright Act of 1976 (the "Copyright Act"), 17 U.S.C. §§ 101 et seq.

8. This action arises by reason of Spyke's willful and unauthorized public display, modification, reproduction, and distribution of copies of Rotatelab's Game on the App Store and Google Play. Rotatelab seeks an injunction prohibiting further copying of its work, recovery of total profits and costs, statutory damages, an award of attorneys' fees, and additional relief as set forth below.

## The Parties

9. Plaintiff Rotatelab is a Turkish incorporated joint-stock company established in Gaziantep, Turkey. Through online services and otherwise, Rotatelab does business in the United States.

10. Rotatelab is the owner of a United States copyright registration in Cube Land. Rotatelab is the owner of all exclusive rights under copyright in its Game in the U.S.

11. Defendant Spyke is a mobile app development company with its headquarters in Istanbul, Turkey.

12. Spyke, through its publishing imprint Combo Games, began offering an

infringing version of Rotatelab's Cube Land game on the App Store under the title "Cube Smash" in or about July 2026. Spyke refused to remove its Infringing App even after receiving an infringement notice from Rotatelab through the App Store complaint system on August 26, 2026.

13. Subsequently, Spyke, again under the name Combo Games, launched a new infringing version of Cube Smash on Google Play on or about November 9, 2026.

## **Jurisdiction and Venue**

14. This is a civil action alleging copyright infringement under the Copyright Act, 17 U.S.C. § 501. This Court has exclusive subject matter jurisdiction over these claims pursuant to 28 U.S.C. §§ 1331 and 1338.

15. This Court has personal jurisdiction over the parties, and venue is proper in this District, because this is a judicial district where Defendant is conducting business and committing copyright infringement and other illegal acts as alleged in this Complaint.

16. Defendant is not a resident of the United States. Accordingly, for venue purposes, Defendant may be sued in any judicial district under 28 U.S.C. § 1391(c)(3).

17. Defendant purposefully directed its business activities at the United States, including this District, by distributing the Infringing App through the App Store and Google Play to residents of this state and District. Both Apple and Google are headquartered in and have a significant presence in this state and District.

18. The Court also has personal jurisdiction over Defendant under Rule 4(k)(2) of the Federal Rules. Defendant purposefully directs its distribution of the Infringing App to the U.S. through major app-store platforms and derives revenue from U.S. users, including residents of this District.

19. Spyke has also agreed to be subject to personal jurisdiction and venue in

this District when it entered into the Apple Developer Program License Agreement and the Google Play Developer Distribution Agreement, each of which requires developers who offer mobile apps on the respective platform to agree to personal jurisdiction and venue in this District.

## Facts Underlying the Causes of Action

20. Rotatelab is the owner of all right, title, and interest in the copyright for the Cube Land mobile game, including its unique graphics, audiovisual elements, and overall appearance, and the selection and arrangement of its graphical user interface and gameplay elements (collectively, the "Copyrighted Work").

21. Rotatelab was awarded U.S. Copyright Registration No. PA 2-600-635 for the Copyrighted Work. The registration is effective August 25, 2026.

22. Rotatelab is the sole and exclusive owner of all right, title, and interest in and to the Copyrighted Work. The Copyrighted Work is an original work of authorship embodying copyrightable subject matter and is subject to the full protection of U.S. copyright laws.

23. Rotatelab released Cube Land on Google Play on January 16, 2026. It released the Game on the App Store several days later.

24. Rotatelab's Cube Land game was an instant hit. It has been downloaded hundreds of thousands of times on each platform.

25. Defendant Spyke did not release its Infringing App on the App Store until July 2026, more than six months after Rotatelab launched its Game.

26. Therefore, Spyke had access to Rotatelab's Game during Spyke's development of the Infringing App.

27. Spyke did not independently develop its game but rather chose to copy protected, expressive elements from Rotatelab's Game to replicate its distinctive look, feel, and gameplay experience.

28. Examples of Spyke's copying include the following:

- The Infringing App reproduces Cube Land's entire game visual

structure, appearance, and architecture. Both games feature: a single central rotatable 3D voxel sculpture that dominates the portrait playfield which is cleared by shots of white balls originating from cartoonish "shooters"; shooters that correspond in color to the voxels they can shoot on the 3D target; a row of shooter slots that sits beneath the target field; numbered, color-coded shooter units feed those slots; and a lower reserve field of waiting, hidden, and obstructed shooters.

- The Infringing App renders its target in the same graphical voxel appearance as Cube Land. These consist of rounded, glossy cubelets with outlined edges, block-built sculptures, and fragment-burst destruction effects which reproduce the same toy-like material treatment through which Cube Land is recognized.
- The shooter elements from Cube Land are reproduced in the Infringing App. These rounded, color-coded units that display their remaining shot counts occupy the same visual role in both games.
- The Infringing App copies a dark "?" sign placed on concealed state shooters embedded in the same shooter/reserve system.
- The Infringing App copies many other elements from Cube Land in addition to the concealed shooter feature and uses those elements in exactly the same way as they are used in Cube Land. Other copied elements include: Double Color Shooter – a two-colored shooter; Frozen Shooter – a shooter encased in ice; Spawner – a shooter storage unit; Container Cube – a durable colored box; Metal Plate – a metal plate obstacle; Connected Shooter – a linked group of shooters; and Glass Cube – a glass covering with a counter.
- Both games' core play loop is identical in play and overall visual appearance.

- The Infringing App copied Cube Land's use of booster elements and placement of those elements within the graphical user interface.

29. The screenshots below demonstrate some of the substantial similarities in the graphical user interface elements between Cube Land and the Infringing App.

***Gameplay Screens***






**Game screen layout is identical. Shooter placement and single row shooter setup is identical. Shooting white balls at a 3D voxel shape is identical. Placement of five boosters (all beginning locked) at bottom of screen is identical.**




**Instructional language is extremely similar and gameplay and tutorial functions are identical.**




**Cube Smash copies use of hidden shooters with question marks and dappled appearance. Gameplay graphical elements are identical.**




**Unlockable hidden shooter feature copied exactly by Spyke Games. Visuals and gameplay elements are almost identical.**


New Item
10
10
1
10
10
Frozen Shooter
Unlocked!
Place shooters to melt the ice!
TAP TO CONTINUE


NEW ITEM
Unlocked!
Iced Shooter
Make moves to break the ICE and free the shooter!
Continue


New Item
2
2
80
80
Frozen Cube
Unlocked!
Place shooters to melt the cube!
TAP TO CONTINUE


NEW ITEM
Unlocked!
Glass Cube
Make moves to break the GLASS
and hit the cubes inside!
Continue







30. Cube Land's levels are built around color-layered, sculpted voxel objects (animals and objects assembled from colored cubelets), which are cleared by selecting counted color shooters in a planned sequence, with structured escalation as levels progress. The Infringing App's levels follow the same graphical layout, appearance, and structure: color-layered voxel sculptures of the same character, staged in the same dominant central position, cleared by counted color shooters in planned order. The choice of a sculptural, figurative voxel target (rather than an abstract grid, a wall, or a flat mosaic) is an expressive choice, and it is the pictorial identity by which Cube Land is recognized. The Infringing App copies that exact creative expression throughout the game.

31. Placed side by side, a screen of Cube Land and a screen of the Infringing App present the same picture: a block-built voxel sculpture dominating the field; scarce receiving slots beneath it; bright, numbered color shooters feeding the slots, with hidden "?" units in the reserve below; fragment-burst destruction of the voxel sculpture; booster unit slots at the screen's bottom; and a level strip at the screen's top. An average consumer would view the overall appearance and look and feel of these games to be substantially similar.

32. These similarities are not the product of genre conventions or functional necessity. They reflect Spyke's deliberate and calculated copying of Cube Land's original creative elements and distinctive design. The parallels are no accident. They are the product of willful infringement aimed at capturing the market that Rotatelab built.

33. Spyke has distributed the Infringing App via the App Store and Google Play platforms in the U.S. and throughout the world.

34. Spyke did not have authorization from Rotatelab to use, adapt, display, or copy the Copyrighted Work.

35. Spyke's copying has caused Rotatelab substantial damages in the form of lost profits and lost licensing fees.

36. In addition, Spyke has profited from its infringement by earning substantial amounts in revenue from the Infringing App.

37. Rotatelab has not received any compensation for Spyke's commercial use, adaptation, copying, and display of the Copyrighted Work.

38. Further, Spyke was on notice no later than August 2026 that Rotatelab's Game was protected by copyright and that the version of Cube Smash that was available on the App Store was infringing Rotatelab's rights. Spyke disregarded that warning and went ahead and launched a new version of the Infringing App on a new platform, Google Play, in November 2026.

39. Spyke's launch of the Infringing App on Google Play occurred several

months after Rotatelab secured a copyright registration for Cube Land. As such, this new infringement renders Spyke liable for statutory damages and Rotatelab eligible for an award of its attorneys' fees under the Copyright Act.

**Count 1**

**Infringement of Registered Copyright in Cube Land**

40. Rotatelab incorporates each paragraph above into this claim.

41. This claim is against Spyke for infringement of Rotatelab's registered copyright in the Copyrighted Work in violation of the Copyright Act, 17 U.S.C. § 101 *et seq*.

42. Rotatelab is the owner of a valid and registered copyright in the Copyrighted Work, with a registration effective August 25, 2026.

43. Rotatelab's Copyrighted Work contains a substantial amount of original material which constitutes copyrightable subject matter protected under the Copyright Act.

44. Spyke had access to the Game before creating and publishing the Infringing App, because the Game was publicly available on the App Store and Google Play.

45. Spyke copied substantial original elements of the Game without authorization from Rotatelab and incorporated them into the Infringing App.

46. Spyke knew that the Infringing App infringes Rotatelab's copyright in the Game, or acted with reckless disregard for, or willful blindness to, Rotatelab's rights.

47. Spyke's Infringing App is strikingly similar to Rotatelab's Game.

48. Rotatelab did not authorize Spyke to adapt or reproduce Rotatelab's Copyrighted Work or to display a reproduction of that work in the manner in which Defendant adapted, reproduced, and displayed the Copyrighted Work in the Infringing App.

49. Spyke infringed Rotatelab's registered copyright by adapting,

reproducing, distributing, and publicly displaying copies of the Copyrighted Work without authorization, in violation of Rotatelab's exclusive rights under the Copyright Act, 17 U.S.C. § 106.

50. Spyke's adaptation, distribution, and public display of the Copyrighted Work in the Infringing App constitutes copyright infringement in violation of the Copyright Act, 17 U.S.C. § 501.

51. On information and belief, tens of thousands of people have downloaded the Infringing App.

52. Spyke's copyright infringement has damaged Rotatelab in an amount to be proven at trial.

53. Rotatelab is entitled to full costs pursuant to 17 U.S.C. § 505.

54. Rotatelab is further entitled to a temporary and permanent injunction under 17 U.S.C. § 502 preventing Defendant from further violations.

55. For Spyke's infringement relating to the new version of the Infringing App that Spyke launched on Google Play in November 2026, Rotatelab is entitled to statutory damages in an amount up to $150,000 and an award of its attorneys' fees pursuant to 17 U.S.C. §§ 504 and 505.

## Prayer for Relief

WHEREFORE, Rotatelab prays that this Court enter judgment in its favor on each and every claim for relief set forth above and award Rotatelab relief including but not limited to an Order:

(a) Awarding Rotatelab monetary relief, including damages sustained by Rotatelab in an amount not yet determined, consisting of actual damages and Defendant's profits attributable to copyright infringement under 17 U.S.C. § 504.

(b) Awarding Rotatelab, at its election, statutory damages under 17 U.S.C. § 504.

(c) Granting a temporary and permanent injunction preventing Defendant and

anyone working in concert with it from using, adapting, copying, displaying, distributing, selling, or offering to sell the Infringing App pursuant to 17 U.S.C. § 502.

(d) Awarding Rotatelab its costs in this action pursuant to 17 U.S.C. § 505 and other applicable laws.

(e) Awarding Rotatelab its attorneys' fees pursuant to 17 U.S.C. § 505.

(f) Awarding such other and further relief as this Court may deem just and appropriate under the circumstances.

**JURY DEMAND**

Pursuant to Federal Rule of Civil Procedure 38 and Northern District of California L.R. 3-6, Rotatelab demands a trial by jury on all issues so triable.

DATED: November 16, 2026 THE MCARTHUR LAW FIRM, PC

By: /s/ *Thomas Dietrich*
THOMAS DIETRICH

Stephen McArthur
stephen@smcarthurlaw.com
Thomas Dietrich
tom@smcarthurlaw.com
8383 Wilshire Blvd., Ste. 800
Beverly Hills, CA 90211
Telephone: (323) 639-4455

*Attorneys for Plaintiff Rotatelab Yazılım ve Bilişim Teknolojileri A.Ş.*